IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JOHN ISRAEL SANCHEZ** | § |
| | §  **A-14-CV-623 LY** |
| **V.** | § **(A-08-CR-00039(2) LY)** |
| | § |
| **UNITED STATES OF AMERICA** | § |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is John Israel Sanchez's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on July 7, 2014 (Dkt. # 1400). The undersigned magistrate judge submits this Report and Recommendation pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

**I. GENERAL BACKGROUND**

On August 27, 2008, John Israel Sanchez ("Sanchez"), pled guilty, pursuant to a Plea Agreement, to possession with intent to distribute heroin, and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), § 841(b)(1)(C), and 18 U.S.C. § 2. On November 25, 2008, the District Court sentenced Movant to a 240-month term of imprisonment, followed by a three-year term of supervised release, a $100 mandatory assessment fee and a $1,000 fine. See Judgment and Commitment Order (Dkt. # 1112). Sanchez did not file a direct appeal of his conviction and sentence.

Sanchez has now filed the instant Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that he is entitled to a reduction in his sentence due to acceptance of responsibility and helping law enforcement officials with their investigation.

## II. ANALYSIS

The Court is unable to address the merits of Sanchez' § 2255 Motion because it is time-barred under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Section 105 of the AEDPA amended 28 U.S.C. § 2255 to include a one-year limitations period for filing a § 2255 motion in federal court. Section 2255, amended by § 105(2) of the AEDPA, provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Sanchez has not alleged or produced any evidence or argument that the Government has impeded him from filing a § 2255 Motion prior to the end of the limitations period. Sanchez had sufficient knowledge of the facts at a time that he could have timely filed his Petition. He makes no allegation that his claims concern a constitutional right recently recognized by the Supreme Court (or any other court) that would have a retroactive effect on his claims. Thus, subsections (2)-(4) of the one-year limitation rule do not apply in the case at bar, and Sanchez's case is governed by subsection (1), which states that the one year limitation period begins running on the date on which his judgment of conviction became final.

"When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires." *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012), *cert. denied*, 133 S.Ct. 1282 (2013). At the time of Sanchez's conviction, Sanchez's notice of appeal had to be filed within 10 days of the entry of the judgment in his case. *See* FED. R. APP. P. 4(b)(1)(A).[1] Thus, Sanchez's conviction became final on December 5, 2008. Under the AEDPA, Sanchez was required to file his § 2255 motion on or before December 5, 2009. Sanchez, however, did not file the instant § 2255 motion until July 7, 2014, more than four years past the deadline. Accordingly, Sanchez's § 2255 Motion is time-barred under the AEDPA and must be dismissed.

### III.  RECOMMENDATION

The Magistrate Court RECOMMENDS that the District Court **DISMISS** John Israel Sanchez's Motion to Vacate, Set Aside, or Correct Illegal Sentence under 28 U.S.C. § 2255 (Dkt. # 1400) as time-barred under the AEDPA.

### IV.  WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of

---

[1] The deadline for filing a direct appeal in a federal criminal case was revised in 2009 and increased from 10 days to 14 days. *See* FED. R. APP. P. 4(b)(1)(A), Advisory Committee Notes.

the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

## V.  CERTIFICATE OF APPEAL

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial

4

of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability not be issued.

SIGNED this 25th day of July, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE